# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DEMOCRATIC EXECUTIVE
COMMITTEE OF FLORIDA; and BILL
NELSON FOR U.S. SENATE,

    *Plaintiffs*,

    v.                            CASE NO. 4:18-cv-00520-RH-MJF

KEN DETZNER, in his official capacity
as Florida Secretary of State,

    *Defendant*.
_____/

## ATTORNEY GENERAL OF FLORIDA'S
## EMERGENCY MOTION TO INTERVENE

The Attorney General of Florida moves to intervene in this action and states as follows:

**1.** Plaintiffs' challenge calls into question the constitutionality of sections 101.68(2)(c)(1) and 101.048(2)(b)(1), Florida Statutes, on First Amendment and Equal Protection grounds. They request relief based on the statute's alleged fail to provide statewide standards for assessing whether signatures are mismatched.

**2.** As the Committee Notes to Florida Rule of Civil Procedure 1.071 recognize, "the Florida Attorney General has the discretion to participate and be

heard on matters affecting the constitutionality of a statute." As the chief legal officer of the State, Art. IV, § 4(b), Fla. Const., the Attorney General may appear in all state and federal courts to represent the interests of the State. *See* § 16.01(4) & (5), Fla. Stat. Florida's First District Court of Appeal has "acknowledge[d] and affirm[ed] the Attorney General's discretion to litigate, or intervene in, legal matters deemed by him or her to involve the public interest and that his or her standing cannot be challenged or adjudicated." *Bondi v. Tucker*, 93 So. 3d 1106, 1109 (Fla. 1st DCA 2012) (marks omitted) (quoting *State ex rel. Shevin v. Yarborough*, 257 So. 2d 891, 895 (Fla. 1972) (Ervin, J., specially concurring)); *see also Boyles v. Fla. Parole & Probation Comm'n*, 436 So. 2d 207, 210 (Fla. 1st DCA 1983) ("[T]he Attorney General has standing as a representative of the people … [and] as chief law officer of the State, may appear in and attend to all suits or actions in which the State may be 'in anywise interested.'"). Pursuant to this authority, the Attorney General seeks to intervene and advocate the interpretation and constitutionalty of the statutes challenged in this action.

**3.** The Attorney General understands that a hearing on Plaintiffs' Emergency Motion for Temporary Injunction, Temporary Restraining Order, and Preliminary Injunction is set for Friday, November 9, 2018 at 4:00 p.m. The Attorney General respectfully requests the opportunity to appear at the upcoming hearing and to have

an opportunity to file a brief on the merits of any constitutional challenge before those issues are decided.

**4.** Given the emergency nature of this proceeding, the Attorney General has not had the opportunity to confer with counsel for Plaintiffs and Defendant regarding her request to intervene.

For these reasons, the Attorney General requests an order permitting her intervention to advocate the interpretation and constitutionalty of the statutes challenged in this action.

Respectfully submitted,

PAMELA BONDI
Attorney General

_____

/s/ *Edward M. Wenger*
EDWARD M. WENGER
Chief Deputy Solicitor General
Fla. Bar. No. 85568
Edward.Wenger@myfloridalegal.com

*/s/ Blaine H. Winship*
BLAINE H. WINSHIP
Special Counsel
Fla. Bar No. 356213
Baline.Winship@myfloridalegal.com

Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Tel.: (850) 414-3300
Fax: (850) 413-7555

## **RULE 7.1(F) CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.1(F), I certify that according to the word count feature of the word-processing system used to prepare this document, the document contains 408 words.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent by CM/ECF only to Counsel of Record this 9th day of November, 2018.

*/s/ Edward M. Wenger*
Edward M. Wenger