# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

DEMOCRATIC EXECUTIVE
COMMITTEE OF FLORIDA and
BILL NELSON FOR U.S. SENATE,

     Plaintiffs,

v.                                     CASE NO. 4:18cv520-MW/MJF

KEN DETZNER, in is official capacity
as Florida Secretary of State,

     Defendant.

_____/

## ORDER OF CLARIFICATION

This Court has received the Intervenor-Defendant, National Republican Senatorial Committee's ("NRSC") memorandum in opposition to the plaintiff's emergency motion for a temporary restraining order and preliminary injunction, ECF No. 27. Yesterday, Sunday, November 11, 2018, this Court entered an Order that directed the parties' attention to Section 101.68(2)(c)4, Florida Statutes. The NRSC's only response is that Section 101.68(2)(c)(4) is not properly before this court and any ruling on it would violate Article III of the United States Constitution. Similarly, in a footnote, the Florida Attorney General declined to address Section 101.68(2)(c)4, without explanation. ECF No. 31 at 4-5 n. 1.

The plaintiffs have asked this Court to enjoin the defendants from enforcing Florida laws that reject as illegal vote-by-mail and provisional ballots that are deemed to have mismatched signatures. Their request calls the constitutionality of Florida's signature matching scheme into question. Therefore, there is a real case and controversy over whether Florida's approach to signature matching is constitutional. And "when an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993). Moreover, when the constitutionality of a statutory scheme is at issue, a court cannot look only to a single statutory provision.

Additionally, in deciding this case, this Court must weigh "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate" against "the precise interest put forward by the State as justifications for the burden imposed by its rule." *Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983)). Indeed, the defendants have pointed out this Court must consider the government's interest in orderly administration of elections. ECF No. 27 at 21. To make this determination, this Court is not required to—and cannot—confine its examination to a single statutory provision. Rather, this Court finds that

"*Anderson/Burdick* balancing . . . should not be divorced from reality, and that both the burden and the legitimate regulatory interest should be *evaluated in context*." *Obama for Am. v. Husted*, 697 F.3d 423, 441 (6th Cir. 2012) (White, J., concurring) (emphasis added). The defendants themselves ask this Court to look at other provisions of Chapter 101 of the Florida Statutes that provide vote-by-mail voters "ample opportunity to cast a valid ballot." ECF No. 27 at 19. Thus, this Court will consider the entire Florida statutory scheme governing vote-by-mail ballots including the provision identified in its prior order.

    The order entered yesterday was intended to give the parties notice that in determining whether Florida's statutory scheme governing vote-by-mail and provisional ballots is constitutional, this Court will examine the full scheme. Specifically, this Court intended to draw the parties' attention to a particular portion of that scheme. This Order now clarifies that order so the parties may have a full and fair opportunity to be heard. This Order expresses no opinion on any defenses raised or the ultimate merits of the case.

    **SO ORDERED on November 12, 2018.**

                                            <u>s/Mark E. Walker</u>
                                            **Chief United States District Judge**