

# FLORIDA DEPARTMENT *of* STATE

**RICK SCOTT**
Governor

**KEN DETZNER**
Secretary of State

## MEMORANDUM

**To:** Supervisors of Elections

**From:** Ken Detzner
Florida Secretary of State

**Date:** November 15, 2018

**Subject:** Directive 2018-05 – Cure of Mismatched-Signature Ballots

---

1. In a directive issued earlier today, Directive 2018-04, I noted that the U.S. District Court for the Northern District of Florida's Order Granting Motion for Preliminary Injunction in *Democratic Executive Committee of Florida v. Detzner*, No. 4:18-CV-520-MW/MJF (N.D. FL., Nov. 15, 2018), required me to notify you of the following:

    a. "Florida's statutory scheme as it relates to curing mismatched-signature ballots has been applied unconstitutionally;" and

    b. "In light of [the] Court's order, they are required to allow voters who have been belatedly notified they have submitted a mismatched-signature ballot to cure their ballots by November 17, 2018, at 5:00 p.m. The supervisors of elections shall allow mismatched-signature ballots to be cured in the same manner and with the same proof a mismatched-signature ballot could have otherwise been cured before November 5, 2018, at 5:00 p.m."

2. I also noted in Directive 2018-04 that I would update you of any relevant developments concerning the District Court's Order as expeditiously as possible. This directive provides the requisite update.

3. Late today, the U.S. Court of Appeals for the Eleventh Circuit denied a stay of the District Court's Order. You are to comply with the attached Order from the U.S. Court of Appeals for the Eleventh Circuit because the Eleventh Circuit provided further direction relevant to the District Court's instructions.

**Division of Elections**
**R.A. Gray Building, Suite 316 • 500 South Bronough Street • Tallahassee, Florida 32399**
**850.245.6200 • 850.245.6218 (Fax) DOS.MyFlorida.com/elections**



4. Please note that neither the District Court's Order nor the Eleventh Circuit's Order affects any other applicable deadline. You must, therefore, continue with recounts. The deadlines for official results is still Sunday, November 18, 2018 at 12:00 p.m.

Attachment

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14758
_____

D.C. Docket No. 4:18-cv-00520-MW-MJF

KEN DETZNER, in his official capacity as Florida Secretary of State,

                                      Defendant-Appellant,

NATIONAL REPUBLICAN SENATORIAL COMMITTEE,

                                      Intervenor-Defendant-Appellant,

versus

DEMOCRATIC EXECUTIVE COMMITTEE OF FLORIDA,
BILL NELSON FOR US SENATE,

                                        Plaintiffs-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

Before TJOFLAT, MARTIN, and ROSENBAUM, Circuit Judges.

BY THE COURT:

    Before the Court is Appellant National Republican Senatorial Committee's Emergency Motion for a Stay and Motion to Expedite. Appellant's request for a

stay pending appeal is DENIED because Appellant has not made the requisite showing.  *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

Appellant's alternative request to expedite appeal is DENIED.

One judge dissents; opinions will follow.

As for Appellant's concerns about the administrative difficulties of fulfilling the district court's order, it follows logically from the district court's order that any voter who voted by mail and received actual notice after 5 p.m. on Thursday, November 1, 2018, that his or her vote was rejected due to a signature mismatch is a voter who received belated notice of the defect.[1]  Therefore, anyone who voted by mail can cure in the manner provided by the district court's order if he or she signs an affidavit or declaration, to be provided by the Secretary of State of the State of Florida or the county voting authorities, affirming under penalty of perjury that he or she did not receive actual notice of the signature defect until after 5 p.m. on Thursday, November 1, 2018.

As there was no cure mechanism for provisional voters whose votes were rejected for mismatched signatures, any provisional voter whose vote was rejected due to a signature mismatch is eligible to cure his or her vote in the manner

---

[1] The district court's order gave 48 hours to cure, demonstrating that the district court found 48 hours to be a reasonable period to give individuals to cure their vote.  Under the statute, the latest someone who voted by mail could cure was 5 p.m. on Monday, November 5, 2018, so 48 hours prior, excluding Saturday and Sunday, was Thursday, November 1, 2018, by 5 p.m.  Similarly, the district court's reliance on the declaration of Fallon Williams, among others, demonstrates that its order was concerned with actual notice of the signature mismatch.

provided by the district court's order, regardless of when he or she discovered the defect.

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 15, 2018

Andre V. Bardos
GrayRobinson, PA
301 S BRONOUGH ST STE 600
TALLAHASSEE, FL 32301-1724

Thomas Henderson Dupree Jr.
Gibson Dunn & Crutcher, LLP
1050 CONNECTICUT AVE NW FL 3
WASHINGTON, DC 20036

Jason Brett Torchinsky
Holtzman Vogel Josefiak, PLLC
45 N HILL DR STE 100
WARRENTON, VA 20186

Helgi C. Walker
Gibson Dunn & Crutcher, LLP
1050 CONNECTICUT AVE NW FL 3
WASHINGTON, DC 20036

Appeal Number: 18-14758-Q
Case Style: Democratic Executive Committee, et al v. National Republican Senatorial
District Court Docket No: 4:18-cv-00520-MW-MJF

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The enclosed order has been ENTERED.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: CaCelia Williams, Q
Phone #: (404) 335-6190

MOT-2 Notice of Court Action