UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEMOCRATIC EXECUTIVE
COMMITTEE OF FLORIDA, *et al.*,

   Plaintiffs,

v.

KENNETH DETZNER, *et al.,*

   Defendant and Defendant-Intervenors.

Case No. 4:18-CV-00520-MW-MJF

**MOTION TO HOLD CASE IN ABEYANCE
AND, IN THE INTERIM, REQUEST TO EXTEND
DEADLINE FOR RESPONSIVE PLEADINGS**

As this Court previously recognized, the pending appeals from this Court's Order Granting Preliminary Injunction did not divest this Court of all jurisdiction over the underlying case. ECF 83 at 1; *see also Ala. v. United States,* 871 F.2d 1548, 1553 (11th Cir. 1989). The Secretary, however, moves to hold the proceedings before this Court in abeyance until after the Eleventh Circuit resolves the pending appeals. This is for three distinct reasons.

First, if the pending appeals proceed to briefing, argument and a decision, the appeals might prove case-dispositive. This is because the order being appealed considered whether the Plaintiffs had shown "'a substantial likelihood for success on the merits'" of their underlying claims. ECF 46 at 21 (quoting *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*)). The order went on to address the

1

merits in great detail thus placing the merits squarely before the Eleventh Circuit. ECF 46 at 3-9, 22-27.

Second, in the Order Denying the Appellant, National Republican Senatorial Committee's Emergency Motion for a Stay and Motion to Expedite, the Eleventh Circuit stated that "[o]ne judge dissents; opinions will follow." *See* **Exhibit 1** at 2. While the Eleventh Circuit has not yet issued any opinions, the forthcoming opinions may touch on the merits of the case and, at the very least, provide guidance for the Parties and this Court to follow. *See generally Nken v. Holder,* 556 U.S. 418, 426 (2009) (noting that in deciding whether to stay an order pending appeal, the appellate court considers, among other things, "whether the stay applicant has made a strong showing that he is likely to succeed on the merits").

Third, through a letter dated December 20, 2018, the Eleventh Circuit directed the Parties to mediation "to explore possibilities for settlement of the [P]arties' dispute *in its entirety*, including any related claims that may not yet be ripe for Eleventh Circuit review." *See* **Exhibit 2** at 1 (emphasis added). The mediation is scheduled for Friday, February 8, 2019. *Id.* Mediating before the Eleventh Circuit but simultaneously litigating before this Court makes little sense; this would undermine judicial economy and force the Parties to unnecessarily expending resources. An abeyance before this Court is more appropriate.

The Defendant-Intervenors join in the Secretary's request for an abeyance. The Plaintiffs oppose this request for an abeyance.

The Plaintiffs do not, however, oppose the request to extend the deadline for responsive pleadings in this case until on or before January 31, 2019. This interim extension should (1) allow the Plaintiffs to file a response to the request for abeyance, (2) provide this Court an opportunity to consider whether to place the case in abeyance, and (3) permit Florida's incoming Secretary of State and Attorney General to provide direction on responsive pleadings currently due January 4, 2019.

WHEREFORE the Secretary respectfully asks to hold the proceedings before this Court in abeyance until after the Eleventh Circuit resolves the appeals from this Court's Order Granting Preliminary Injunction and, in the interim, to extend the deadline for responsive pleadings until on or before January 31, 2019.

\*\*\*

**<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULES</u>**

The undersigned certifies that the foregoing filing complies with the size, font, and formatting requirements of Local Rule 5.1(C), and that the foregoing filing complies with the word limit in Local Rule 7.1(F) because it contains 531 words, excluding the case style, signature block, and certificates.

The undersigned certifies that he conferred with counsel for the Parties regarding the foregoing filing. The Defendant-Intervenors join in the foregoing filing. The Plaintiffs oppose the abeyance.

\*\*\*

Respectfully submitted by:

BRADLEY R. MCVAY (FBN 79034)
  *Interim General Counsel*
  brad.mcvay@dos.myflorida.com
ASHLEY E. DAVIS (FBN 48032)
  *Deputy General Counsel*
  ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
(850) 245-6536 /   (850) 245-6127 (fax)

*/s/ Mohammad O. Jazil*
MOHAMMAD O. JAZIL (FBN 72556)
  mjazil@hgslaw.com
GARY V. PERKO (FBN 855898)
  gperko@hgslaw.com
MALCOLM N. MEANS (FBN 0127586)
  mmeans@hgslaw.com
HOPPING GREEN & SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
(850) 222-7500 / (850) 224-8551 (fax)

Dated: January 2, 2019       ***Counsel for the Secretary of State***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on this 2nd day of January, 2019.

<i>/s/ Mohammad O. Jazil</i><br>
Attorney