# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DEMOCRATIC EXECUTIVE
COMMITTEE OF FLORIDA, *et al.*,

    Plaintiffs,

    v.

KENNETH W. DETZNER, in his official capacity as Florida Secretary of State, *et al.*,

    Defendant and Defendant-Intervenors.

Case No. 4:18-cv-520 (RH/MJF)

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO HOLD CASE IN ABEYANCE

The Secretary's Motion asks the Court to bring this action to an indefinite standstill pending the resolution of an Eleventh Circuit appeal that will neither dispose of nor narrow any of the claims or issues currently before this Court. The appeal itself seeks only to overturn this Court's "limited [preliminary injunction] order providing limited relief for a limited number of affected voters" during a two-day window, from November 15 – November 17, 2018, that has since expired. *See* ECF 46 at 32-33. Thus, the issue before the Eleventh Circuit does not even present a live controversy, let alone provide any guidance that would serve judicial economy in the trial court. The Secretary's Motion simply seeks an extended delay for an indefinite period in the hope that, in disposing of the appeal, the Eleventh Circuit *might* say something that "touch[es] on the merits," though it is unclear what that

may be. The more likely outcome, as Defendant-Intervenor National Republican Senatorial Committee recognized in its Emergency Motion for a Stay, is that the Eleventh Circuit will dismiss the appeal as moot, *see* Ex. 1 at 10 (arguing that the Eleventh Circuit's denial of a stay pending appeal would "make this case effectively moot"), which renders the Secretary's requested abeyance entirely unnecessary and counterproductive.

## ARGUMENT

Although courts have discretion to stay proceedings on their dockets, a party seeking a stay must demonstrate that such relief is warranted. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). And in reviewing motions to halt litigation proceedings pending appeal, federal courts in Florida have relied on the same four-part test that this Court and the Eleventh Circuit applied in denying the Secretary's and Intervenors' (collectively, "Defendants") previous requests for a stay pending appeal of this Court's preliminary injunction. *See*, *e.g.*, *Calderone v. Scott*, No. 2:14-cv-519, 2016 WL 2586658, at *2-3 (M.D. Fla. May 5, 2016) (denying stay of interlocutory appeal for failure to demonstrate irreparable harm); *F.T.C. v. IAB Mktg. Assocs.*, *LP*, 972 F. Supp. 2d 1307, 1310-11 (S.D. Fla. 2013) (applying four-part test to motion for stay pending appeal of preliminary injunction). This is true even when the defendants seek to "stay the proceedings—but not the preliminary injunction—

while their appeal of the preliminary injunction is pending." *IAB Mktg. Assocs.*, 972 F. Supp. 2d at 1310-11.

Both this court and the Eleventh Circuit have already determined that Defendants cannot satisfy the four-part test set forth in *Nken v. Holder* and *Hilton v. Braunskill*. *See* Def.'s Mot. (ECF 86) at Ex. 1; ECF 46 at 31. The relevant factors announced in those orders—and applicable here—are: (1) whether the applicant has demonstrated strong likelihood of success on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether a stay would substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The Secretary makes no attempt to show that any of these factors are present, nor does he explain why the Court would reach a different result now than it did six weeks ago when it denied Defendants' initial motion for a stay pending appeal. As such, the Secretary's Motion to hold this case in abeyance pending appeal is impossible to square with this Court's and the Eleventh Circuit's prior rulings in this matter. *See* ECF No. 46; Order, *Detzner, et al. v. Democratic Exec. Comm. of Fla., et al.*, No. 18-14758 (11th Cir. Nov. 15, 2018).

Having failed to satisfy the applicable standard, the Court should reject the Secretary's reliance on unsupported claims that the Eleventh Circuit's ruling might be "case-dispositive" or may "touch on the merits" and provide "guidance" for the

parties to follow. Even assuming the mere prospect of a clarifying ruling on appeal were sufficient to warrant a stay of litigation proceedings—which it is not—the scope of the Court Order currently before the Eleventh Circuit all but eliminates that possibility. The preliminary injunction at issue on appeal provided specific groups of provisional and vote-by-mail voters an opportunity to cure signature mismatches for a two-day window, between November 15 and 17 at 5:00 p.m., that has since closed. ECF 46 at 32-33. At this point, over a month after the relief ordered by the trial court expired, the Eleventh Circuit cannot fashion any remedy that would provide Defendants any relief from this Court's preliminary injunction; therefore their appeal, as National Republican Senatorial Committee acknowledged in prior briefing (*see* Ex. 1 at 10), is essentially moot. *See United States v. Sec'y, Fla. Dep't of Corr.*, 778 F. 3d 1223, 1228-29 (11th Cir. 2015).

Absent any prospect of effective relief, it appears that the Secretary is pursuing his appeal not for the purposes of reversing an already-expired injunction, but on the off chance that the Eleventh Circuit issues an advisory opinion on the merits of this lawsuit. ECF 86 at 1-2. This, too, is misguided: the limited scope of review and the lack of a fully developed factual record means that an appeal from a preliminary injunction often "provides little guidance as to the appropriate disposition on the merits." *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 673 (9th Cir. 1988). As the Ninth Circuit explained in *Baldrige*:

> To the extent that a desire to get an early glimpse of our view of the merits of the underlying legal issues in this litigation motivated [the stay of discovery in the underlying litigation pending appeal], it was both misconceived and wasteful. A preliminary injunction is, as its name implies, preliminary to the trial—not to an appeal. We believe this case could have proceeded trial, or to the summary judgment stage, in less time than it took the parties to submit these cases for appeal. . . . Thus, rather than delay all proceedings during the pendency of an appeal from an order granting a preliminary injunction, the parties should have sought a rapid resolution of the legal issues presented in this case by moving for summary judgment or proceeding to trial.

844 F.2d at 673; *see also Revette v. Int'l Assoc. of Bridge, Structural & Ornamental Iron Workers*, 740 F.2d 892, 893 (11th Cir. 1984) (holding that the review of a court order granting preliminary injunction is limited and the court "will not review the intrinsic merits of the case" because the trial court ruling "is almost always based on an abbreviated set of facts . . .").

At the same time, a stay of the trial court proceedings pending appeal would leave unresolved, for an indefinite period of time, the validity of Florida election laws that likely violate the constitutional right to vote. *See* ECF 46 at 22-27. And worse yet, counsel for the Secretary of State has indicated that the Secretary plans to seek an extension of the Eleventh Circuit briefing schedule, which, if granted, would extend the deadline for Defendants' opening briefs until February 22, 2019, and thus prolong the timeline for resolution of the appeal. All of these factors counsel against holding this case in abeyance.

Finally, contrary to the Secretary's claims, a mediation conference by itself does not warrant a stay of proceedings in the Eleventh Circuit, let alone the

suspension of all trial court litigation involving issues (i.e. the merits of Plaintiffs' claims) that are not currently before the court of appeals.[1] The Notice of Telephone Mediation that the Secretary cites in his Motion includes a disclaimer stating, with emphasis, that "**MEDIATION DOES NOT AUTOMATICALLY STAY APPELLATE PROCEEDINGS**, including the briefing schedule." ECF 86-2 at 2. And Eleventh Circuit Rule 33-1(e) states that briefing and other deadlines may be extended "if there is a substantial probability the appeal will settle . . . ." The Secretary's Motion is conspicuously silent on the question of whether mediation is actually likely to lead to settlement in this case, yet urges that the mere unilateral scheduling of the mediation conference by the court of appeals (not a result of a request by the parties) warrants the cessation of *all* proceedings. The Eleventh Circuit's rules have already anticipated and rejected this premise, as should this Court.

For these reasons, Plaintiffs request that this Court deny the Secretary's Motion to Hold the Case in Abeyance. Plaintiffs, however, do not oppose the Secretary's request for an extension of the deadline for responsive pleadings.

---

[1] As explained above, the appeal before the Eleventh Circuit is limited to the narrow injunctive relief provided by this Court, which has since expired.

Dated: January 2, 2019

Respectfully submitted,

/s/ *Uzoma Nkwonta*
Marc E. Elias
Email: MElias@perkinscoie.com
Uzoma N. Nkwonta*
Email: UNkwonta@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

RONALD G. MEYER
Florida Bar No. 0148248
Email: rmeyer@meyerbrookslaw.com
JENNIFER S. BLOHM
Florida Bar No. 0106290
Email: jblohm@meyerbrookslaw.com
Meyer, Brooks, Demma and Blohm, P.A.
131 North Gadsden Street
Post Office Box 1547
Tallahassee, FL 32302-1547
(850) 878-5212

*Counsel for Plaintiffs*
*Admitted *Pro Hac Vice*

## LOCAL RULE 7.1(F) CERTIFICATION

Pursuant to Local Rule 7.1(F), I HEREBY CERTIFY that the enclosed Memorandum of Law of Plaintiffs contains approximately 1461 words, which is fewer than the total words permitted by the rules of court. Counsel relies on the word count of the computer program used to prepare this memorandum.

/s/ *Uzoma Nkwonta*
Uzoma N. Nkwonta

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Uzoma Nkwonta*
Uzoma N. Nkwonta