# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

DEMOCRATIC EXECUTIVE
COMMITTEE OF FLORIDA, et al.,

  *Plaintiffs*,

v.         Case No. 4:18cv520-MW/MJF

MICHAEL ERTEL,
in his official capacity as the
Florida Secretary of State, et. al.,

  *Defendants*.
_____/

## ORDER DENYING
## MOTION TO HOLD CASE IN ABEYANCE

  This Court entered an order granting a preliminary injunction in favor of Plaintiffs. ECF No. 46. Defendants appealed that order. ECF No. 47; ECF No. 55; ECF No. 56. Defendant Ertel now moves this Court to "hold the proceedings before this Court in abeyance until after the Eleventh Circuit resolves the pending appeals." ECF No. 86, at 1. For the reasons that follow, Defendant Ertel's motion is **DENIED**.

### I.

  A request to stay proceedings before a district court pending appeal of a preliminary injunction is subject to "the four factors

1

traditionally analyzed by courts in deciding whether to grant a stay pending appeal." *See F.T.C. v. IAB Mktg. Assocs., LP*, 972 F. Supp. 2d 1307, 1310–11 (S.D. Fla. 2013). Specifically, a court must consider "(1) 'whether the stay applicant has made a strong showing that it is likely to succeed on the merits'; (2) 'whether the applicant will be irreparably injured absent a stay'; (3) 'whether issuance of the stay will substantially injure the other parties interested in the proceeding'; and (4) 'where the public interest lies.'" *Id.* at 1311 (quoting *FTC v. Capital Choice Consumer Credit, Inc.*, No. 02-21050 CIV, 2004 WL 5141452, at *8 (S.D. Fla. May 5, 2004)). Defendant Ertel does not attempt to satisfy these factors in his motion, ECF No. 86, nor could he if he tried. In short, Defendant Ertel is not *entitled* to stay.

Nevertheless, it goes without saying that a district court has the inherent *discretionary* authority to stay proceedings before it for reasons such as judicial economy. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Defendant Ertel argues that concerns of judicial economy warrant a stay here

2

because the preliminary-injunction appeal "might prove case-dispositive." ECF No. 86, at 1. Indeed, one factor the Eleventh Circuit considers in reviewing the grant of a preliminary injunction is whether the movant has shown "a substantial likelihood of success on the merits" of their claims. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). Therefore, any forthcoming opinions in the preliminary-injunction appeal will presumably address the merits of Plaintiffs' claims.[1] Such exposition, in turn, might assist both the parties and this Court in resolving the balance of this case.

Nevertheless, this Court declines to exercise its discretion to stay this case. This Court will enter an initial scheduling order, and this case will proceed as normal. If the parties need to conduct any discovery (which this Court doubts) they should get on with it. If, in the meantime, a clarifying ruling descends from above, both the parties and this Court can take cognizance of it. For now, we go forward. Only forward.

---

[1] Plaintiffs point out that the preliminary-injunction appeal is "essentially moot," so the "prospect of a clarifying ruling on appeal" is slim. ECF No. 87, at 4. While this Court tends to agree as to mootness, this Court is not as discouraged about the likelihood of a clarifying ruling. Indeed, in denying Defendants' emergency motion to stay, the Eleventh Circuit explicitly noted that "opinions will follow." ECF No. 86, at 2.

II.

Defendant Ertel moved to stay this case pending appeal of this Court's preliminary injunction. ECF No. 86. Defendant Ertel failed to satisfy the four-part test to justify a stay. Moreover, this Court declines to exercise its discretion to enter a stay.

Accordingly,

**IT IS ORDERED:**

1. Defendant Ertel's motion to hold case in abeyance, ECF No. 86, is **DENIED**.

2. This Court shall enter a separate initial scheduling order, and this case shall proceed accordingly.

**SO ORDERED on January 11, 2019.**

> s/Mark E. Walker
> **Chief United States District Judge**