UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DNC SERVICES CORPORATION/DEMOCRATIC NATIONAL COMMITTEE, *et al.*,

        Plaintiffs,

v.

LAUREL M. LEE, in her official capacity as Florida Secretary of State, *et al.*

        Defendants.

Case No. 4:18-cv-00520-MW-MJF

# INTERVENOR-DEFENDANT NATIONAL REPUBLICAN SENATORIAL COMMITTEE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Intervenor-Defendant the National Republican Senatorial Committee ("NRSC"), answers the First Amended Complaint of Plaintiffs the DNC Services Corporation/Democratic National Committee ("DNC"), the Democratic Executive Committee of Florida ("DECF"), DSCC a/k/a Democratic Senatorial Campaign Committee, and DCCC a/k/a Democratic Congressional Campaign Committee as follows:

    1.    No response is required to the allegations in the first and second sentences of Paragraph 1 because they state legal conclusions. Admits that the rejected-ballot totals alleged in the third sentence of Paragraph 1 are accurate representa-

tions of totals reported by the Florida Division of Elections. Denies knowledge and information sufficient to form a belief as to the remaining allegations in the third sentence of Paragraph 1.

2. No response is required to the allegations in Paragraph 2 because they state legal conclusions and purport to summarize and quote statutory text.

3. No response is required to the allegations in Paragraph 3 because they state legal conclusions.

4. No response is required to the allegations in Paragraph 4 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 4.

5. No response is required to the allegations in Paragraph 5 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 5.

6. No response is required to the allegations in Paragraph 6 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 6.

7. Denies knowledge and information sufficient to form a belief as to the allegations in the first sentence of Paragraph 7. No response is required to the allegations in the second sentence of Paragraph 7 because they state legal conclu-

sions. To the extent a response is required, NRSC denies the allegations in the second sentence of Paragraph 7.

8. No response is required to the allegations in Paragraph 8 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 8.

9. No response is required to the allegations in Paragraph 9 because they state legal conclusions.

10. Admits that the Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

11. No response is required to the allegations in Paragraph 11 because they state legal conclusions concerning a different party.

12. Admits that venue in this Court is proper under 28 U.S.C. § 1391(b).

13. No response is required to the allegations in Paragraph 13 because they state legal conclusions.

14. Admits that Plaintiff DNC is the national committee of the Democratic Party. Denies knowledge and information sufficient to form a belief as to the remaining allegations in the first sentence of Paragraph 14. Denies knowledge and information sufficient to form a belief as to the allegations in the second sentence of Paragraph 14. Admits that the DNC has members and constituents across the United States, including Florida, but denies knowledge and information sufficient

to form a belief as to the remaining allegations in the third sentence of Paragraph 14. Denies the allegations in the fourth sentence of Paragraph 14. No response is required to the allegations in the fifth sentence of Paragraph 14 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in the fifth sentence of Paragraph 14. No response is required to the allegations in the sixth and seventh sentences of Paragraph 14 because they state legal conclusions.

15. Admits that Plaintiff DECF is the governing body of a statewide political party within the meaning of Fla. Stat. § 103.121. Denies knowledge and information sufficient to form a belief as to the remaining allegations in the first sentence of Paragraph 15. Denies knowledge and information sufficient to form a belief as to the allegations in the second and third sentences of Paragraph 15. Admits that millions of Floridians are registered with the Florida Department of State's Division of Elections as Democrats, but denies knowledge and information sufficient to form a belief as to the remainder of the allegations in the fourth sentence of Paragraph 15. No response is required to the allegations in the fifth sentence of Paragraph 15 because they state legal conclusions.

16. No response is required to the allegations in Paragraph 16 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 16.

17. No response is required to the allegations in Paragraph 17 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 17.

18. No response is required to the allegations in Paragraph 18 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 18.

19. Admits that Plaintiff DSCC is the national senatorial committee of the Democratic Party. Denies knowledge and information sufficient to form a belief as to the remaining allegations in the first sentence of Paragraph 19. Denies knowledge and information sufficient to form a belief as to the allegations in the second and third sentences of Paragraph 19. No response is required to the allegations in the fourth and fifth sentences of Paragraph 19 because they state legal conclusions.

20. Admits that Plaintiff DCCC is the national congressional committee of the Democratic party. Denies knowledge and information sufficient to form a belief as to the allegations in the second, third, fourth, and fifth sentences of Paragraph 20. No response is required to the allegations in the sixth and seventh sentences of Paragraph 20 because they state legal conclusions.

21. No response is required to the allegations in Paragraph 21 because they state legal conclusions and purport to summarize and quote statutory text.

22. Admits the allegations in the first sentence of Paragraph 22. Denies knowledge and information sufficient to form a belief as to the remainder of the allegations in Paragraph 22.

23. Admits that the ballot totals alleged in Paragraph 23 are accurate representations of totals reported by the Florida Division of Elections. Denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 23.

24. No response is required to the allegations in Paragraph 24 because they purport to summarize and quote statutory text.

25. No response is required to the allegations in Paragraph 25 because they purport to summarize and quote statutory text.

26. Admits that the provisional-ballot totals alleged in Paragraph 26 are accurate representations of totals reported by the Florida Division of Elections.

27. No response is required to the allegations in Paragraph 27 because they purport to summarize and quote statutory text.

28. No response is required to the allegations in Paragraph 28 because they purport to summarize statutory text.

29. No response is required to the allegations in Paragraph 29 because they purport to summarize and quote statutory text.

30. No response is required to the allegations in Paragraph 30 because they purport to summarize and quote statutory text.

31. Admits that the rejected-ballot totals alleged in Paragraph 31 are accurate representations of totals reported by the Florida Division of Elections.

32. No response is required to the allegations in Paragraph 32 because they state legal conclusions.

33. No response is required to the allegations in Paragraph 33 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 33.

34. No response is required to the allegations in Paragraph 34 because they state legal conclusions. To the extent a response is required, NRSC denies knowledge and information sufficient to form a belief as to the allegations in the first sentence of Paragraph 34, and denies the allegations in the second sentence of Paragraph 34.

35. Denies the allegations in Paragraph 35.

36. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 36.

37. No response is required to the allegations in Paragraph 37 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 37.

38. Admits that Paragraph 38 accurately quotes the cited study.

39. Denies the allegations in the first sentence of Paragraph 39. Denies knowledge and information sufficient to form a belief as to the allegations in the second sentence of Paragraph 39.

40. Admits that the allegations in the first sentence of Paragraph 40 accurately describe the cited study. No response is required to the allegations in the second sentence of Paragraph 40 because they state a legal conclusion. To the extent a response is required, NRSC denies the allegations in the second sentence of Paragraph 40.

41. No response is required to the allegations in Paragraph 41 because they purport to summarize and quote text from a judicial opinion. To the extent a response is required, NRSC denies the allegations in Paragraph 41.

42. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 42.

43. Denies knowledge and information sufficient to form a belief as to whether there are "significant variations in VBM and provisional ballot rejection rates for signature mismatch across Florida's 67 counties." Denies the remaining allegations in the first sentence of Paragraph 43. Denies knowledge and information sufficient to form a belief as to the allegations in the second sentence of Paragraph 43.

44. Denies knowledge and information sufficient to form a belief as to the allegations in the first sentence of Paragraph 44. Admits that the rejected-ballot and ballot totals alleged in the second sentence of Paragraph 44 are accurate representations of totals reported by the Florida Division of Elections.

45. Admits that the rejected-ballot and ballot totals alleged in Paragraph 45 are accurate representations of totals reported by the Florida Division of Elections.

46. Admits that the rejected-ballot totals alleged in Paragraph 46 are accurate representations of totals reported by the Florida Division of Elections.

47. Admits that the rejected-ballot and provisional-ballot totals alleged in Paragraph 47 are accurate representations of totals reported by the Florida Division of Elections.

48. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 48.

49. Denies the allegations in Paragraph 49.

50. No response is required to the allegations in Paragraph 50 because they state legal conclusions.

51. Admits that the allegations in Paragraph 51 accurately describe portions of the declarations Plaintiffs filed in this Court. Denies knowledge and in-

formation sufficient to form a belief as to the remaining allegations in Paragraph 51.

52. Admits that the allegations in Paragraph 52 accurately describe portions of the declaration Congressman Murphy submitted to this Court. Denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 52.

53. Admits that the ballot totals alleged in Paragraph 53 are accurate representations of totals reported by the Florida Division of Elections. Denies knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 53.

54. No response is required to the allegations in Paragraph 54 because they state legal conclusions.

55. NRSC incorporates by reference its responses to Paragraphs 1–54.

56. No response is required to the allegations in Paragraph 56 because they state legal conclusions.

57. No response is required to the allegations in Paragraph 57 because they state legal conclusions.

58. No response is required to the allegations in Paragraph 58 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 58.

59. No response is required to the allegations in Paragraph 59 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 59.

60. NRSC incorporates by reference its responses to Paragraphs 1–59.

61. No response is required to the allegations in Paragraph 61 because they state legal conclusions.

62. No response is required to the allegations in Paragraph 62 because they state legal conclusions.

63. No response is required to the allegations in Paragraph 63 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 63.

64. No response is required to the allegations in Paragraph 64 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 64.

65. No response is required to the allegations in Paragraph 65 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 65.

66. NRSC incorporates by reference its responses to Paragraphs 1–65.

67. No response is required to the allegations in Paragraph 67 because they state legal conclusions.

68. No response is required to the allegations in Paragraph 68 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 68.

69. No response is required to the allegations in Paragraph 69 because they state legal conclusions and purport to summarize statutory text.

70. No response is required to the allegations in Paragraph 70 because they state legal conclusions.

71. No response is required to the allegations in Paragraph 71 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 71.

72. No response is required to the allegations in Paragraph 72 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 72.

73. No response is required to the allegations in Paragraph 73 because they state legal conclusions. To the extent a response is required, NRSC denies the allegations in Paragraph 73.

## DEFENSES

NRSC states below its affirmative and other defenses. By stating these defenses, NRSC does not assume the burden of proof on any issue, fact, or element of a claim as to which applicable law places the burden on Plaintiffs. In addition, NRSC specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, or circumstances that may be discovered and/or further legal analysis of Plaintiffs' positions in this litigation.

1. The claims asserted in the complaint fail to allege facts sufficient to state a claim upon which relief may be granted.

2. The claims asserted in the complaint and Plaintiffs' requests for relief are barred by the doctrine of laches.

3. Plaintiffs' claims are precluded under the doctrines of res judicata, collateral estoppel, estoppel, and waiver.

Dated: February 28, 2019

Respectfully submitted,

*/s/ Andy Bardos*

| | |
|---|---|
| Thomas H. Dupree Jr.* | Andy Bardos (FBN 822671) |
| Helgi C. Walker* | George T. Levesque (FBN 555541) |
| Gibson, Dunn & Crutcher LLP | GRAYROBINSON, P.A. |
| 1050 Connecticut Avenue, N.W. | Post Office Box 11189 |
| Washington, D.C. 20036 | Tallahassee, Florida 32302-3189 |
| (202) 955-8500 | Telephone: 850-577-9090 |
| tdupree@gibsondunn.com | andy.bardos@gray-robinson.com |
| hwalker@gibsondunn.com | george.levesque@gray-robinson.com |

*\* admitted pro hac vice*

Jason Torchinsky (VA Bar No. 47481)
Holtzman Vogel Josefiak Torchinsky PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20106
(540) 341-8808
JTorchinsky@hvjt.law

*Attorneys for the National Republican Senatorial Committee*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on this 28th day of February, 2019.

/s/ Andy Bardos
Andy Bardos (FBN 822671)
GRAYROBINSON, P.A.
Post Office Box 11189
Tallahassee, Florida 32302-3189
Telephone: 850-577-9090
andy.bardos@gray-robinson.com