# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DEMOCRATIC EXECUTIVE
COMMITTEE OF FLORIDA, *et al.*,

    *Plaintiffs*,

v.                          Case No. 4:18-cv-00520-MW-CAS

LAUREL M. LEE, in her official capacity
as Florida Secretary of State, *et al.*,

    *Defendants*.

_____/

## INTERVENOR-DEFENDANT ATTORNEY GENERAL'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO THE FIRST AMENDED COMPLAINT

Intervenor-Defendant Attorney General of the State of Florida provides her Answer to the Plaintiffs' First Amended Complaint for Injunctive and Declaratory Relief. *See* ECF No. 100.

In response to Plaintiffs' opening, unnumbered paragraph, admitted that Plaintiffs have sued the Secretary of State Laurel M. Lee, in her official capacity as Florida Secretary of State, but denied that Plaintiffs are entitled to any relief.

**NATURE OF THE CASE**

1. The cited case speaks for itself. Admitted that some vote-by-mail and provisional ballots cast during the 2018 general election were not counted due to signature mismatch. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

2. The cited Florida statutes speak for themselves. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

3. Denied.

4. Denied.

5. Denied.

6. Admitted that Florida statutes do not include a cure mechanism for provisional ballots without a signature match. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

7. The Attorney General is without knowledge or information sufficient to form a belief as to the truth of the unnamed studies that Plaintiffs reference, and

therefore deny. The allegations related to the unnamed studies, and all remaining allegations, are denied.

8. Denied.

## JURISDICTION

9. Admitted that Plaintiffs have brought this action under 42 U.S.C. §§ 1983 and 1988.

10. The allegations in this paragraph are legal conclusions and not subject to denial or admission.

11. The allegations in this paragraph are legal conclusions and not subject to denial or admission.

12. The allegations in this paragraph are legal conclusions and not subject to denial or admission.

13. The allegations in this paragraph are legal conclusions and not subject to denial or admission.

## PARTIES

14. Admitted that the DNC Services Corporation/Democratic National Committee is one of the Plaintiffs filing this First Amended Complaint. The Attorney General is without knowledge or information sufficient to form a belief as to the DNC's mission, work, membership, or status under 52 U.S.C. § 30101(14), and these allegations are therefore denied. The remaining allegations, including but

not limited to those offered to demonstrate the DNC's standing to bring this lawsuit, are denied.

15. Admitted that the Democratic Executive Committee of Florida is one of the Plaintiffs filing this First Amended Complaint. The Attorney General is without knowledge or information sufficient to form a belief as to the DECF's mission, work, membership, or status under § 101.121, Florida Statutes, and these allegations are therefore denied. The remaining allegations, including but not limited to those offered to demonstrate the DECF's standing to bring this lawsuit, are denied.

16. The Attorney General is without knowledge or information sufficient to form a belief as to the DECF's mission, work, or membership, and these allegations are therefore denied. The remaining allegations, including but not limited to those offered to demonstrate the DECF's standing to bring this lawsuit, are denied.

17. The Attorney General is without knowledge or information sufficient to form a belief as to the DECF's mission, work, or membership, and these allegations are therefore denied. The remaining allegations, including but not limited to those offered to demonstrate the DECF's standing to bring this lawsuit, are denied.

18. Denied.

19. Admitted that the DSCC is one of the Plaintiffs filing this First Amended Complaint. The Attorney General is without knowledge or information sufficient to form a belief as to the DSCC's mission, work, membership, or status

under 52 U.S.C. § 30101(14), and these allegations are therefore denied. The remaining allegations, including but not limited to those offered to demonstrate the DSCC's standing to bring this lawsuit, are denied.

20. Admitted that the DCCC is one of the Plaintiffs filing this First Amended Complaint. The Attorney General is without knowledge or information sufficient to form a belief as to the DCCC's mission, work, membership, or status under 52 U.S.C. § 30101(14), and these allegations are therefore denied. The remaining allegations, including but not limited to those offered to demonstrate the DCCC's standing to bring this lawsuit, are denied.

21. Admitted that Laurel M. Lee is Florida's Secretary of State, and, as Secretary of State, is the chief elections officer for the State of Florida. The cited statutes speak for themselves. To the extent the allegations require further response, they are denied.

## STATEMENT OF FACTS AND LAW

### Vote by Mail

22. The Attorney General is without knowledge or information sufficient to form a belief as to the cited article, and these allegations are therefore denied. To the extent the allegations require further response, they are denied.

23. The Attorney General is without knowledge or information sufficient to form a belief as to the cited article, and these allegations are therefore denied. To the extent the allegations require further response, they are denied.

24. The cited Florida statutes speak for themselves. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

25. The cited Florida statutes speak for themselves. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

**Provisional Ballots**

26. The Florida Department of State's website speaks for itself. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

27. The cited Florida statute speaks for itself. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

28. The cited Florida statute speaks for itself. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

29. The cited Florida statutes speaks for themselves. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

30. The cited Florida statute speaks for itself. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

31. Admitted that some provisional ballots cast during the 2018 general election were not counted due to signature mismatch. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

32. Admitted that Florida statutes do not include a cure mechanism for provisional ballots without a signature match. To the extent that the conclusions, characterizations, and allegations require further response, they are denied.

33. Denied.

### The Signature Match Process

34. Denied.

35. Denied.

36. The Attorney General is without knowledge or information sufficient to form a belief as to the cited article, and these allegations, and these allegations are

therefore denied. To the extent the allegations require further response, they are denied.

37. Denied.

38. The Attorney General is without knowledge or information sufficient to form a belief as to the cited article, and these allegations are therefore denied. The remaining allegations are denied.

39. Denied.

40. The Attorney General is without knowledge or information sufficient to form a belief as to the cited article, and these allegations are therefore denied. The remaining allegations are denied.

41. The cited case speaks for itself. The remaining allegations are denied.

42. The Attorney General is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, and these allegations are therefore denied. The remaining allegations are denied.

43. The Attorney General is without knowledge or information sufficient to form a belief as to the practices of Seminole and Alachua Counties, and these allegations are therefore denied. The remaining allegations are denied.

44. The Attorney General is without knowledge or information sufficient to form a belief as to the practices of Palm Beach and Broward Counties, and these allegations are therefore denied. The remaining allegations are denied.

45. The Attorney General is without knowledge or information sufficient to form a belief as to the practices of Lake and Pinellas Counties, and these allegations are therefore denied. The remaining allegations are denied.

46. The Attorney General is without knowledge or information sufficient to form a belief as to the practices of Putnam County, and these allegations are therefore denied. The remaining allegations are denied.

47. The Attorney General is without knowledge or information sufficient to form a belief as to the practices of Putnam and Broward Counties, and these allegations are therefore denied. The remaining allegations are denied.

48. The Attorney General is without knowledge or information sufficient to form a belief as to the allegations regarding the notice practices used in Florida's 67 counties, and these allegations are therefore denied. The remaining allegations are denied.

49. Denied.

### [Allegedly] Disenfranchised Voters

50. Denied

51. Denied.

52. The Attorney General is without knowledge or information sufficient to form a belief as to the allegations regarding former United States Congressman

Patrick Murphy, and these allegations are therefore denied. The remaining allegations are denied.

53. The Attorney General is without knowledge or information sufficient to form a belief as to the allegations regarding the events that transpired after the 2018 general election, and these allegations are therefore denied. The remaining allegations are denied.

54. Denied.

## CLAIMS FOR RELIEF

## COUNT I

**First and Fourteenth Amendments**
**U.S. Const. Amend. I and XIV, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2202**
*[Alleged] Undue Burden on the Right to Vote*

55. The Attorney General incorporates by reference her responses to paragraphs 1 to 54.

56. The First Amendment and Equal Protection Clause, and the cases construing those provisions, speak for themselves. To the extent the allegations require further response, they are denied.

57. The cited cases speak for themselves. The remaining allegations are denied.

58. Denied.

59. Denied.

## COUNT II

**Fourteenth Amendment**
**U.S. Const. Amend. XIV, 42 U.S.C. § 1983, 28 U.S.C. § 2201, 28 U.S.C. § 2202**
*Equal Protection*

60. The Attorney General incorporates by reference her responses to paragraphs 1 to 59.

61. The Equal Protection Clause and the cited case speak for themselves. To the extent the allegations require further response, they are denied.

62. The cited case speaks for itself. The remaining allegations are denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT III

**Fourteenth Amendment**
**U.S. Const. Amend. XIV, 42 U.S.C. § 1983, 28 U.S.C. § 2201, 28 U.S.C. § 2202**
*[Alleged] Procedural Due Process*

66. The Attorney General incorporates by reference her responses to paragraphs 1 to 65.

67. The Equal Protection Clause and the cited case speak for themselves. To the extent the allegations require further response, they are denied.

68. Denied.

69. The cited Florida statutes speak for themselves. The remaining allegations are denied.

70. The cited cases speak for themselves. The remaining allegations are denied.

71. Denied.

72. Denied.

73. Denied.

**Prayer for Relief**

A. Admitted that Plaintiffs seek entry of a declaratory judgment. Denied that Plaintiffs are entitled to this relief, or any other relief. The remaining allegations are denied.

B. Admitted that Plaintiffs seek entry of an injunction. Denied that Plaintiffs are entitled to this relief, or any other relief. The remaining allegations are denied.

C. Admitted that Plaintiffs seek costs, expenses, and attorneys' fees. Denied that Plaintiffs are entitled to this relief, or any other relief. The remaining allegations are denied.

D. Admitted that Plaintiffs seek any other relief. Denied that Plaintiffs are entitled any relief whatsoever. The remaining allegations are denied.

**THE ATTORNEY GENERAL'S FIRST AFFIRMATIVE DEFENSE**

The Plaintiffs have not established Article III standing.

**THE ATTORNEY GENERAL'S SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by laches.

**THE ATTORNEY GENERAL'S THIRD AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by collateral estoppel / res judicata.

**THE ATTORNEY GENERAL'S FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred by the statute of limitations.

**THE ATTORNEY GENERAL'S FIFTH AFFIRMATIVE DEFENSE**

The Plaintiffs have not shown entitlement to any attorney's fees or costs.

**THE ATTORNEY GENERAL'S SIXTH AFFIRMATIVE DEFENSE**

The Plaintiffs' First Amended Complaint fails to allege facts sufficient to state a claim upon which relief may be granted.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

*/s/ Edward M. Wenger*
EDWARD M. WENGER (FBN 85568)
Chief Deputy Solicitor General
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
edward.wenger@myfloridalegal.com

*Counsel for Intervenor-Defendant Attorney General of the State of Florida*

**CERTIFICATE OF SERVICE**

I certify that on this 28th day of February, 2019, a copy of the foregoing was served on all counsel of record through the Court's CM/ECF Notice of Electronic Filing System.

/s/ *Edward M. Wenger*
EDWARD M. WENGER
Chief Deputy Solicitor General