UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEMOCRATIC EXECUTIVE
COMMITTEE OF FLORIDA, and BILL
NELSON FOR U.S. SENATE,

    Plaintiffs,

v.

LAUREL M. LEE, in her official capacity
as the Florida Secretary of State,

    Defendant.

Case No. 4:18-cv-00520-RH-MJF

## FLORIDA SECRETARY OF STATE'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, LAUREL M. LEE, in her official capacity as the Florida Secretary of State, by and through his undersigned counsel, hereby answers Plaintiffs' First Amended Complaint for Injunctive and Declaratory Relief.

### RESPONSE TO ALLEGATIONS

As to the numbered paragraphs of the Complaint, the Secretary answers as follows:

### NATURE OF THE CASE

1.    The cited case speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations or legal conclusions contained in numbered paragraph 1; therefore denied.

2. The statutes referred to speak for themselves. Paragraph 2 is otherwise denied.

3. Denied.

4. As to the first sentence, the Secretary is without sufficient information and knowledge to admit or deny the factual allegations; therefore denied. As to the second sentence, denied.

5. To the extent paragraph 5 is a restatement of relevant Florida Statute sections, those sections speak for themselves. Otherwise denied.

6. Denied.

7. The Secretary is without sufficient information and knowledge to admit or deny the allegations contained in numbered paragraph 7; therefore denied.

8. Denied.

**JURISDICTION**

9. The Secretary admits that this action was brought under 42 U.S.C. §§ 1983 and 1988. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 9.

10. Admitted that this Court has jurisdiction over matters arising under the Constitution and laws of the United States. The Secretary denies any remaining factual allegation or legal conclusions contained in numbered paragraph 10.

11. Admitted that Laurel M. Lee is being sued in her official capacity only. Paragraph 11 otherwise presents legal conclusions that do not require a response.

12. Admitted that venue is proper; otherwise denied.

13. Admitted that this court has authority to enter declaratory or injunctive relief, but denied that Plaintiffs are entitled to any such relief from this Court.

**PARTIES**

14. The Secretary specifically denies the allegations of numbered paragraph 14 concerning alleged harms from signature matching in elections in Florida. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations or legal conclusions contained in numbered paragraph 14; therefore denied.

15. The Secretary specifically denies the allegations of numbered paragraph 15 concerning alleged harms from signature matching in elections in Florida. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations or legal conclusions contained in numbered paragraph 15; therefore denied.

16. The Secretary specifically denies the allegations of numbered paragraph 16 concerning alleged harms from signature matching in elections in Florida. The Secretary is without sufficient information and knowledge to admit or

deny the remaining factual allegations contained in numbered paragraph 16; therefore denied.

17. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 17; therefore denied.

18. The Secretary specifically denies the allegations of numbered paragraph 18 concerning alleged harms and risks related to signature matching in Florida's elections. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 18; therefore denied.

19. The Secretary specifically denies the allegations of numbered paragraph 19 concerning alleged harms from signature matching in elections in Florida. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 19; therefore denied.

20. The Secretary specifically denies the allegations of numbered paragraph 20 concerning alleged harms from signature matching in elections in Florida. The Secretary is without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 20; therefore denied.

21. Admitted that Defendant Laurel M. Lee is being sued in her official capacity as Secretary of State of the State of Florida. The cited statutes and code sections speak for themselves. Any remaining factual allegations or legal conclusions contained in numbered paragraph 21 are denied.

## STATEMENT OF FACTS AND LAW

### Vote by Mail

22. The cited paper speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 22; therefore denied.

23. Admitted that 2,623,798 vote-by-mail ballots were cast in the 2018 midterm election, denied that 2,758,617 vote-by-mail ballots were cast in the 2016 presidential election. The Secretary is otherwise without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 23; therefore denied.

24. The cited statute sections speak for themselves, otherwise denied.

25. The cited statute sections speak for themselves, otherwise denied.

### Provisional Ballots

26. Admitted that 24,460 provisional ballots were case in the 2016 presidential election. The cited article speaks for itself. The Secretary is otherwise

without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 26; therefore denied.

27. The cited statute speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the remaining factual allegations or legal conclusions contained in numbered paragraph 27; therefore denied.

28. The cited statute speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the remaining factual allegations or legal conclusions contained in numbered paragraph 28; therefore denied.

29. The cited statute speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the remaining factual allegations or legal conclusions contained in numbered paragraph 29; therefore denied.

30. The cited statute speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the remaining factual allegations contained in numbered paragraph 30; therefore denied.

31. To the extent this is an attempted restatement of ECF 72-1, that document speaks for itself. The Secretary otherwise denies numbered paragraph 31.

32. Denied.

33. Denied.

## The Signature Match Process

34. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 34; therefore denied.

35. Denied.

36. The cited papers and articles speak for themselves. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 36; therefore denied

37. Denied.

38. The cited paper speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 38; therefore denied.

39. The cited paper speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 39; therefore denied.

40. The cited paper speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 40; therefore denied.

41. The cited case speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 41; therefore denied.

42. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 42; therefore denied.

43. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 43; therefore denied.

44. To the extent this is an attempted restatement of ECF 72-1, that document speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 44; therefore denied.

45. To the extent this is an attempted restatement of ECF 72-1, that document speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 45; therefore denied.

46. To the extent this is an attempted restatement of ECF 72-1, that document speaks for itself. The Secretary is otherwise without sufficient

information and knowledge to admit or deny the factual allegations contained in numbered paragraph 46; therefore denied.

47. To the extent this is an attempted restatement of ECF 72-1, that document speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 47; therefore denied.

48. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 48; therefore denied.

49. The Secretary is without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 49; therefore denied.

**Disenfranchised Voters**

50. Denied.

51. Declarations filed with this Court speak for themselves. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 51; therefore denied.

52. To the extent this allegation excerpts from, or paraphrases, Patrick Murphy's declaration filed with this Court, that declaration speaks for itself. The

9

Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 52; therefore denied.

53. This Court's referenced Order speaks for itself. The Secretary is otherwise without sufficient information and knowledge to admit or deny the factual allegations contained in numbered paragraph 53; therefore denied.

54. Denied.

## CLAIMS FOR RELIEF

## COUNT 1

**First and Fourteenth Amendments**
**U.S. Const. Amend. I and XIV, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201 and 2202**
*Undue Burden on the Right to Vote*

55. The Secretary incorporates by reference the responses to numbered paragraphs 1-54 of the First Amended Complaint for Injunctive and Declaratory Relief.

56. The First Amendment and Equal Protection Clause speak for themselves. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 56.

57. The cited cases speak for themselves. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 57.

58. Denied.

59. Denied.

The Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count I of the First Amended Complaint for Injunctive and Declaratory Relief.

## COUNT II

### Fourteenth Amendment
### U.S. Const. Amend. XIV, 42 U.S.C. § 1983, 28 U.S.C. § 2201, 28 U.S.C. § 2202
*Equal Protection*

60. The Secretary incorporates by reference the responses to numbered paragraphs 1-59 of the First Amended Complaint for Injunctive and Declaratory Relief.

61. The Equal Protection Clause, Fourteenth Amendment, and cited cases speak for themselves. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 61.

62. The cited case speaks for itself. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 62.

63. Denied.

64. Denied.

65. Denied.

The Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count II of the First Amended Complaint for Injunctive and Declaratory Relief.

## COUNT III

## Fourteenth Amendment
U.S. Const. Amend. XIV, 42 U.S.C. § 1983, 28 U.S.C. § 2201, 28 U.S.C. § 2202
*Procedural Due Process*

66. The Secretary incorporates by reference the responses to numbered paragraphs 1-65 of the First Amended Complaint for Injunctive and Declaratory Relief.

67. The Equal Protection Clause, Fourteenth Amendment, and cited cases speak for themselves. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 67.

68. Denied.

69. The cited statute speaks for itself. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 67.

70. The cited cases speak for themselves. The Secretary denies any remaining factual allegations or legal conclusions contained in numbered paragraph 70.

71. Denied.

72. Denied.

73. Denied.

The Secretary further denies that Plaintiffs are entitled to any relief pursuant to Count III of the First Amended Complaint for Injunctive and Declaratory Relief.

**<u>AFFIRMATIVE DEFENSES</u>**

The Secretary hereby alleges the following affirmative defenses to the Complaint:

1. <u>Failure to State a Cause of Action</u>. The Complaint and each claim alleged therein fails to state a valid cause of action or claim for relief.

2. <u>Lack of Standing</u>. The Plaintiffs lack standing under Article III of the U.S. Constitution.

3. <u>Eleventh Amendment</u>. The Secretary asserts the defense of Eleventh Amendment immunity to all claims to which that defense applies.

4. <u>Laches</u>. The Secretary asserts the defense of laches to all claims to which that defense applies.

5. <u>Statute of limitations.</u> The Secretary asserts the defense of statute of limitations to all claims to which that defense applies.

6. <u>Unclean hands</u>. The Secretary asserts the defense of unclean hands to all claims to which that defense applies.

Dated: March 1, 2019                    Respectfully submitted by:

BRADLEY R. MCVAY (FBN 79034)
*General Counsel*
brad.mcvay@dos.myflorida.com
ASHLEY E. DAVIS (FBN 48032)
*Deputy General Counsel*
ashley.davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building Suite, 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
(850) 245-6536 /(850) 245-6127 (fax)

*/s/ Mohammad O. Jazil*
MOHAMMAD O. JAZIL (FBN 72556)
mjazil@hgslaw.com
GARY V. PERKO (FBN 855898)
gperko@hgslaw.com
Joseph A. Brown (FBN 25765)
josephb@hgslaw.com
HOPPING GREEN & SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, FL 32301
(850) 222-7500/(850) 224-8551 (fax)
***For the Secretary of State***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all counsel of record through the Court's CM/ECF system on this 1st day of March, 2019.

 */s/ Mohammad O. Jazil*
Attorney