UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| DNC SERVICES CORPORATION / DEMOCRATIC NATIONAL COMMITTEE, DEMOCRATIC EXECUTIVE COMMITTEE OF FLORIDA, DSCC a/k/a DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE, and DCCC a/k/a DEMOCRATIC CONGRESSIONAL CAMPAIGN COMMITTEE,<br><br>    Plaintiffs,<br><br>     v.<br><br>LAUREL M. LEE, in her official capacity as Florida Secretary of State, *et al.*,<br><br>    Defendant and Defendant-Intervenors. | Case No. 4:18-cv-520 (MW/MJF) |

**PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL AND
RESPONSE TO ORDER REGARDING PENDING LEGISLATION**

In response to Plaintiffs' lawsuit challenging the signature verification procedures for vote by mail ("VBM") and provisional ballots set forth in Fla. Stat. §§ 101.68 and 101.048 (the "Signature Match Laws"), the Florida Legislature enacted several reforms to the signature matching process, through Florida Senate Bill 7066 ("SB 7066"), that track the specific defects that Plaintiffs had identified in

1

their claims and upon which this Court's November 15, 2018 Order relied in granting Plaintiffs' Emergency Motion for Preliminary Injunction. ECF No. 46.

Plaintiffs alleged, for instance, that Florida law provided no guidance or training to supervisors of elections or canvassing boards tasked with "comparing signatures and determining the fate of VBM and provisional ballots," *see*, *e.g.*, Am. Compl., ECF No. 100 at ¶¶ 3-4, 7; then SB 7066 imposed a requirement that the Secretary of State "[p]rovide formal signature matching training to supervisors of elections and county canvassing board members." Fla. Stat. § 97.012(17).

Plaintiffs further alleged that the law provided no criteria for identifying non-matching signatures, thereby subjecting voters to a standardless process that varied from county to county. ECF No. 100 ¶¶ 3-4, 7. In response, the Florida Legislature clarified that all signature match rejections must be made by a majority of the canvassing board and subject to a "beyond a reasonable doubt" standard. Fla. Stat. §§ 101.048(2)(b)(2), 101.68(2)(C)(1)(b). Plaintiffs also highlighted the absence of any opportunity to cure signature match rejections for voters who cast provisional ballots, or for VBM voters whose ballots were received by election officials in the window between the deadline to submit a cure affidavit to resolve signature discrepancies (by 5 p.m. on the day before Election Day) and the deadline for VBM ballots (7 p.m. on Election Day). ECF No. 100 ¶¶ 5-6. The Legislature responded by

extending the cure deadline for both VBM and provisional ballots until the 2nd day after the election. Fla. Stat. §§ 101.68(4)(b), 101.048(6)(b).

Finally, Plaintiffs challenged the absence of "guidelines to ensure that voters are timely notified of any signature mismatch determinations," ECF No. 100 ¶ 3, "resulting in significant variations in the timeliness of such notifications," *id*. ¶ 48. To which the legislature responded by requiring supervisors of elections to notify voters of non-matching signatures as soon as practicable by e-mail, text message, or telephone. Fla. Stat. §§ 101.048(6)(a), 101.68(4)(a).

Because Plaintiffs' lawsuit seeks to enjoin the Signature Match Laws, which have now been amended specifically to address the defects that Plaintiffs had identified and which formed the basis of their claims, Plaintiffs DNC Services Corporation a/k/a Democratic National Committee, Democratic Executive Committee of Florida, DSCC a/k/a Democratic Senatorial Campaign Committee, and DCCC a/k/a Democratic Congressional Campaign Committee, pursuant to Fed. R. Civ. P. 41(a)(2), respectfully move this Court to voluntarily dismiss this action without prejudice.

## I. BACKGROUND

On November 8, 2018, Plaintiff Democratic Executive Committee of Florida and then-Plaintiff Bill Nelson for U.S. Senate filed their Complaint for Injunctive

and Declaratory Relief, alleging that the standardless, inconsistent, and unreliable signature matching process as set forth under Fla. Stat. § 101.68, regarding VBM ballots, and Fla. Stat. § 101.048, regarding provisional ballots, created an undue burden on the right to vote in violation of the First and Fourteenth Amendments to the U.S. Constitution. *See* ECF No. 1. Therein, Plaintiffs sought, in relevant part, a judgment: (1) declaring that all VBM and provisional ballots rejected on the basis of an alleged signature mismatch pursuant to the Signature Match Laws in the November 2018 Election are to be counted as valid votes; and (2) enjoining enforcement of the laws requiring the rejection of ballots based on an alleged signature mismatch. *Id.* at 19-20. That same day, Plaintiffs filed an emergency motion to enjoin election officials from rejecting validly cast VBM and provisional ballots based on the flawed signature matching procedures. *See generally* ECF Nos. 3, 4.

On November 15, 2018, the District Court granted Plaintiffs' Emergency Motion for Preliminary Injunction, finding that the Signature Match Laws unconstitutionally burdened the right to vote. *See generally* ECF No. 46. Accordingly, the Court ordered the Secretary:

> [T]o issue a directive to the supervisors of elections (with this Order attached) advising them (1) Florida's statutory scheme as it relates to curing mismatched-signature ballots has been applied unconstitutionally; and (2) in light of this

4

> Court's order, they are required to allow voters who have been belatedly notified they have submitted a mismatched-signature ballot to cure their ballots by November 17, 2018, at 5:00 p.m. The supervisors of elections shall allow mismatched-signature ballots to be cured in the same manner and with the same proof a mismatched-signature ballot could have otherwise been cured before November 5, 2018, at 5:00 p.m.

*Id* at 33.[1]

Litigation resumed following the expiration of the Court's Preliminary Injunction. Plaintiffs' filed their First Amended Complaint on February 14, 2019, joined by DNC, DSCC, and DCCC, seeking a permanent injunction against the enforcement of the Signature Match Laws. ECF No. 100. The Secretary and Defendant-Intervenors each filed an Answer, ECF Nos. 105, 107, 109, and discovery commenced.

On May 3, 2019, the Florida Legislature passed SB 7066, an omnibus elections bill that included, among other provisions, proposed reforms to the

---

[1] On November 15, 2018, Defendant-Intervenor NRSC also filed an Emergency Motion for Stay Pending Appeal before the Eleventh Circuit, which was denied. On February 15, 2019, the Eleventh Circuit issued a published Opinion explaining its reasons for denying NRSC's Motion for Stay. *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312 (11th Cir. 2019). Defendant and Defendant-Intervenors' appeal is still pending.

Signature Match Laws.[2] The amendments specifically addressed issues brought to light by Plaintiffs' lawsuit,[3] which led the Court to find (and the Eleventh Circuit to agree) that Florida's Signature Match Laws imposed an undue burden on the constitutional right to vote. Recognizing SB 7066's potential effect on this case, this Court issued an Order Regarding Pending Legislation, which instructed that in the event the Governor signed the bill, the parties shall file memoranda detailing the effect of the legislation on this matter within 10 days thereafter. ECF No. 128. The Court also granted Plaintiffs' unopposed motion to stay discovery until June 13, 2019, ECF No. 134, and later extended the stay to June 28, 2019, in light of the pending amendments to the Signature Match Laws in SB 7066, which at the time was awaiting further action from the Governor. ECF No. 136.

---

[2] Florida Senate, Bill History, available at: https://www.flsenate.gov/Session/Bill/2019/07066

[3] *See e.g.*, Florida Senate Staff of the Committee on Ethics and Elections, *Bill Analysis and Fiscal Impact Statement: SB 7066* at 9 n.30 (Mar. 4, 2019), www.flsenate.gov/Session/Bill/2019/7066/Analyses/2019s07066.pre.ee.PDF ("During the 2018 General Election, U.S. Federal District Judge Mark Walker ruled that this deadline was inadequate, and ordered an extension of several days for voters to correct their ballots; the U.S. Court of Appeals for the Eleventh Circuit essentially signed-off on that decision in mid-February."); Florida Senate Staff of the Committee Rules, *Bill Analysis and Fiscal Impact Statement: SB 7066* at 11 (April 23, 2019), www. flsenate.gov/Session/Bill/2019/7066/Analyses/2019s07066.rc.PDF (discussing this litigation and this Court's prior signature matching decision at *Fla. Democratic Party v. Detzner*, 4:16-CV-607 (N.D. Fla. 2016)).

The Governor signed SB 7066 into law on June 28, 2019. The amendments became effective on July 1, 2019, and on that same day, the Secretary and the Attorney General filed a Joint Motion for Judgment on the Pleadings. ECF No. 141.

## II. ARGUMENT

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals by court order. In relevant part, it provides: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (citing *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001)). "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Pontenberg*, 252 F.3d at 1255-56 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)).

District courts have broad discretion in determining whether to allow voluntary dismissal under Rule 41(a)(2). *Id*. It is appropriate to grant voluntary dismissal without prejudice where new legislation renders the issues complained about moot. *See, e.g., PanAmSat Corp. v. F.C.C.*, No. 99-1384, 2000 WL 621421,

at *1 (D.C. Cir. Apr. 20, 2000) (per curiam) (granting voluntary dismissal without prejudice on mootness grounds due to the enactment of new legislation). Moreover, the Secretary and Attorney General's pending motion for judgment on the pleadings, does not prevent this Court from granting voluntary dismissal without prejudice. *See Potenberg*, 252 F.3d at 1258 (rejecting argument that pending dispositive motion precludes dismissal under Rule 41(a)(2)); *Auto Owners Ins. Co. v. Triple P. Constr., Inc.*, No. 4:08-cv-154-RH/WCS, 2008 WL 11344664, at *1 (N.D. Fla. Nov. 28, 2008) (granting voluntary dismissal despite pending summary judgment motion and defendant's assertion "that summary judgment should be entered in her favor on the merits").

Voluntary dismissal without prejudice is appropriate here as it is clear that the amendments to the Signature Match Laws in SB 7066 were enacted in response to Plaintiffs' lawsuit, in order to address the specific defects identified by Plaintiffs and cited by this Court in issuing its November 15, 2018 Order granting Plaintiffs' Emergency Motion for Preliminary Injunction. ECF No. 46. Plaintiffs identified several shortcomings of the signature match process that violated Florida voters' constitutional rights, including the absence of an opportunity to cure for some VBM and all provisional voters; the absence of any training provided to canvassing board members tasked with matching signatures; and the absence of any uniform standards

for making signature mismatch determinations or providing notice of potential signature defects. *See* ECF No. 100. And as explained above, SB 7066's amendments seek to address each of these flaws. Defendant and Defendant-Intervenors, moreover, will suffer no prejudice from a dismissal instigated by legislative action in response to this lawsuit. Because Plaintiffs' lawsuit seeks relief in the form of an injunction preventing the enforcement of Signature Match Laws that have been amended, based on practices that are no longer in force, voluntary dismissal without prejudice is warranted.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Voluntary Dismissal without prejudice.

## LOCAL RULE 7.1(F) CERTIFICATION

I HEREBY CERTIFY that this Motion contains 1,757 words, and complies with the size, font, and formatting requirements of Local Rule 5.1(C).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Uzoma Nkwonta*
Uzoma N. Nkwonta

Dated: July 2, 2019

Respectfully submitted,

/s/ *Uzoma Nkwonta*
Marc E. Elias
Email: MElias@perkinscoie.com
Bruce V. Spiva*
Email: BSpiva@perkinscoie.com
Uzoma N. Nkwonta*
Email: UNkwonta@perkinscoie.com
Alexi M. Velez*
Email: AVelez@perkinscoie.com
Lalitha Madduri*
Email: LMadduri@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

RONALD G. MEYER
Florida Bar No. 0148248
Email: rmeyer@meyerbrookslaw.com
JENNIFER S. BLOHM
Florida Bar No. 0106290
Email: jblohm@meyerbrookslaw.com
Meyer, Brooks, Blohm and Hearn, P.A.
131 North Gadsden Street
Post Office Box 1547
Tallahassee, FL 32302-1547
(850) 878-5212

*Counsel for Plaintiffs*

*Admitted *Pro Hac Vice*