UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DNC SERVICES CORPORATION /
DEMOCRATIC NATIONAL
COMMITTEE, DEMOCRATIC
EXECUTIVE COMMITTEE OF
FLORIDA, DSCC a/k/a DEMOCRATIC
SENATORIAL CAMPAIGN
COMMITTEE, and DCCC a/k/a
DEMOCRATIC CONGRESSIONAL
CAMPAIGN COMMITTEE,

    Plaintiffs,

    v.

LAUREL M. LEE, in her official capacity
as Florida Secretary of State, *et al.*,

    Defendant and Defendant-Intervenors.

Case No. 4:18-cv-520 (MW/MJF)

## PLAINTIFFS' RESPONSE IN OPPOSITION TO THE SECRETARY OF STATE AND ATTORNEY GENERAL'S MOTION FOR JUDGMENT ON THE PLEADINGS

Because of this litigation challenging Florida's signature verification procedures for vote by mail ("VBM") and provisional ballots, the State of Florida amended its laws governing those procedures in the recently enacted Senate Bill 7066 ("SB 7066"). As a result, Plaintiffs have moved under Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss this action without prejudice. ECF No. 143. Defendant Florida Secretary of State Laurel M. Lee and Defendant-Intervenor Attorney General of the State of Florida's (together, the "State Defendants") Motion for Judgment on the Pleadings is therefore moot. ECF No. 141. Rather than engage

1

in a theoretical debate over potential legal claims to new statutory provisions that Plaintiffs have not challenged—as the State Defendants' motion invites the Court do—the Court should grant Plaintiffs' motion for voluntary dismissal, dismiss this action without prejudice, and deny as moot the State Defendants' motion for judgment on the pleadings.

## I. BACKGROUND

On November 8, 2018, Plaintiff Democratic Executive Committee of Florida and then-Plaintiff Bill Nelson for U.S. Senate filed a Complaint for Injunctive and Declaratory Relief challenging Florida's procedures for verifying signatures on VBM and provisional ballots.[1] Specifically, the Complaint challenged Fla. Stat. § 101.68, which governs VBM ballots, and § 101.048, which governs provisional ballots (the "Signature Match Laws"). *See* ECF No. 1. The same day, Plaintiffs filed an emergency motion to enjoin election officials from rejecting ballots under the Signature Match Laws. ECF Nos. 3, 4. This Court granted that motion, ECF No. 46, and the Eleventh Circuit denied Defendant-Intervenor National Republican Senatorial Committee's ("NRSC") emergency motion to stay pending appeal, *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312 (11th Cir. 2019). In February 2019, Plaintiffs DNC Services Corporation a/k/a Democratic National Committee,

---

[1] A more detailed description of this litigation's procedural history and SB 7066 can be found in Plaintiffs' Motion for Voluntary Dismissal and Response to Order Regarding Pending Legislation, ECF No. 143 at 1–7.

Democratic Executive Committee of Florida, DSCC a/k/a Democratic Senatorial Campaign Committee, and DCCC a/k/a Democratic Congressional Campaign Committee filed a First Amended Complaint seeking a permanent injunction against the Signature Match Laws' enforcement. ECF No. 100.

On May 3, 2019, the Florida Legislature passed SB 7066, which, among other things, substantially amended the Signature Match Laws in direct response to this litigation. *See* ECF No. 143 at 6–7 & n.3. On May 6, 2019, the Court issued an order stating that if the Governor signed SB 7066, the parties should file memoranda within ten days "detailing what effect, if any, the legislation has on this matter." ECF No. 128 ("Order Regarding Pending Legislation"). The Governor signed SB 7066 into law on June 28, 2019, and the amendments to the Signature Match Laws became effective on July 1—the same day the State Defendants filed their motion for judgment on the pleadings, ECF No. 141. The next day, on July 2, Plaintiffs filed their motion for voluntary dismissal and response to the Court's Order Regarding Pending Legislation. ECF No. 143.

## II. ARGUMENT

Plaintiffs' Rule 41(a)(2) motion to dismiss without prejudice, which was filed in compliance with the Court's Order Regarding Pending Legislation, should be granted and the State Defendants' motion for judgment on the pleadings should be denied as moot. As Plaintiffs explain in their motion, SB 7066 has significantly

amended the signature matching procedures challenged in this suit, and courts routinely grant motions for voluntary dismissal under similar scenarios. *See, e.g.*, *PanAmSat Corp. v. F.C.C.*, No. 99-1384, 2000 WL 621421, at *1 (D.C. Cir. Apr. 20, 2000) (per curiam) (granting voluntary dismissal without prejudice due to the enactment of new legislation); *Hale v. CNX Gas Co. LLC*, No. 1:10-cv-59, 2017 WL 816147 (W.D. Va. Feb. 27, 2017) (granting voluntary dismissal without prejudice "in light of changes in the governing Virginia law").

That the State Defendants have moved for judgment on the pleadings does not make Plaintiffs' request for voluntary dismissal without prejudice any less appropriate. In fact, the Eleventh Circuit has directly rejected the assertion that a pending substantive and dispositive motion "precludes a district court from granting a Rule 41(a)(2) voluntary dismissal without prejudice." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1258 (11th Cir. 2001); *see also Allied Veterans of the World, Inc.: Affiliate 67 v. Seminole Cty., Fla.*, No. 6:11-cv-155-ORL-GJK, 2012 WL 13102410, at *8 (M.D. Fla. Aug. 28, 2012) *adopted* 2012 WL 13102371 (M.D. Fla. Oct. 19, 2012) ("Even if a motion for summary judgment were pending, this would not be a basis to deny the [Rule 41(a)(2)] Motion absent a showing of bad faith."); *Auto Owners Ins. Co. v. Triple P. Constr., Inc.*, No. 4:08-cv-154-RH/WCS, 2008 WL 11344664, at *1 (N.D. Fla. Nov. 28, 2008) (granting voluntary dismissal despite pending summary judgment motion and defendant's assertion "that summary

4

judgment should be entered in her favor on the merits"). The court rejected that assertion because of the strong presumption in favor of granting Rule 41(a)(2) motions: "in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other th[a]n the mere prospect of a subsequent lawsuit, as a result." *Pontenberg*, 252 F.3d at 1255–56 (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)).

Granting Plaintiffs' request for dismissal and denying the State Defendants' motion as moot will cause no prejudice to Defendant or Defendant-Intervenors. A stay of discovery was in place for nearly a month before SB 7066 was signed into law, ECF Nos. 134, 136, and Plaintiffs filed their motion for voluntary dismissal the day after SB 7066 took effect, which was also well within the 10 days allotted by the Court for the parties to state their positions regarding the effect of the bill on Plaintiffs' lawsuit. ECF No. 128. As a result, "the standard rule that voluntary dismissals should be freely granted" applies. *Ogier ex rel. Pampillon v. Am. Nat'l Red Cross*, No. 1:15-cv-2395-TCB, 2017 WL 3485761, at *3 (N.D. Ga. June 29, 2017). The Court should thus grant Plaintiffs' motion for voluntary dismissal, dismiss this action without prejudice, and deny as moot the State Defendants' motion for judgment on the pleadings. *Auto Owners Ins. Co.*, 2008 WL 11344664, at *2 (granting plaintiffs' Rule 41(a)(2) motion for dismissal without prejudice and denying as moot defendant's then-pending motion for summary judgment).

As a final matter, while NRSC agrees that this action should be dismissed without prejudice, *see* ECF No. 144, its request that the Court order Plaintiffs to challenge the amended Signature Match Laws "now," *id.* at 13, is nonsensical. NRSC points to no legal authority or principle that would require a party to file a legal challenge to a law immediately upon its passage, nor is it clear why concerns about the timeliness of hypothetical future lawsuits should be addressed here, as opposed to in the future hypothetical proceedings should they ever materialize. In fact, NRSC previously argued that a party cannot challenge the Signature Match Laws until it identifies specific individuals whom the Signature Match Laws had actually disenfranchised. *See* ECF No. 27 at 9. That position is inconsistent with NRSC's current insistence that any such challenge be brought immediately. Finally, NRSC's request ignores the fact that both this Court and the Eleventh Circuit rejected the argument that Plaintiffs in this lawsuit brought their claims too late. *See* ECF No. 46 at 12–14; *Dem. Exec. Comm.*, 915 F.3d at 1326. The Court should disregard NRSC's request.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the State Defendants' motion for judgment on the pleadings.

## LOCAL RULE 7.1(F) CERTIFICATION

I HEREBY CERTIFY that this Motion contains 1,311 words, and complies with the size, font, and formatting requirements of Local Rule 5.1(C).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Uzoma Nkwonta*
Uzoma N. Nkwonta

Dated: July 12, 2019        Respectfully submitted,

/s/ *Uzoma Nkwonta*
Marc E. Elias
Email: MElias@perkinscoie.com
Bruce V. Spiva*
Email: BSpiva@perkinscoie.com
Uzoma N. Nkwonta*
Email: UNkwonta@perkinscoie.com
Alexi M. Velez*
Email: AVelez@perkinscoie.com
Lalitha Madduri*
Email: LMadduri@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

RONALD G. MEYER
Florida Bar No. 0148248
Email: rmeyer@meyerbrookslaw.com
JENNIFER S. BLOHM
Florida Bar No. 0106290
Email: jblohm@meyerbrookslaw.com
Meyer, Brooks, Blohm and Hearn, P.A.
131 North Gadsden Street
Post Office Box 1547
Tallahassee, FL 32302-1547
(850) 878-5212

*Counsel for Plaintiffs*

*Admitted *Pro Hac Vice*